[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE #116
The co-plaintiff/counterclaim defendant Acme moves to strike defendant Hoffman's counterclaim on the ground that the counterclaim does not sufficiently allege the independent legal relationship necessary to establish a cause of action for indemnity pursuant to the exclusivity provision of the Workers' Compensation Act.
The present motion to strike arises from an underlying action brought on June 21, 1997, by the plaintiff, Rocco Buonanducci, against the defendants, Hoffman Oldsmobile, Inc., and trustees Phyllis Hoffman and Newton Brenner (Hoffman), for injuries arising out of and in the course of his employment with Acme Auto, Inc. (Acme), as a result of Hoffman's alleged negligence. Specifically, Buonanducci alleges that he sustained injuries when he slipped and fell on an oil spill in Hoffman's garage area premises while making a delivery of auto parts for Acme. Buonanducci alleges that his injuries were caused by negligence and carelessness regarding the hazard of the oil spill. On June 9, 1997, Acme intervened as a plaintiff pursuant to General Statutes § 31-293 (a) seeking reimbursement for sums it had paid to Buonanducci under the Workers' Compensation Act. On August 7, 1997, Hoffman answered the intervening complaint and filed a counterclaim against Acme for indemnification. On October 6, 1997, Acme filed the present motion to strike Hoffman's counterclaim, accompanied by a supporting memorandum of law. On December 15, 1997, Hoffman filed an objection to Acme's motion to strike. CT Page 3606
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997). The court "must . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Kelly v.Figueiredo, 223 Conn. 31, 32, 610 A.2d 1296 (1992). "The motion to strike . . . admits all facts well pleaded." Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp., supra, 580. "This includes the acts necessarily implied and fairly provable under the allegations."Forbes v. Ballaro, 31 Conn. App. 235, 239, 624 A.2d 389 (1993). Acme moves to strike the counterclaim on the ground that it is legally insufficient in that: (1) it is barred by the Workers' Compensation Act which provides the exclusive remedy against an employer; and (2) the allegation of an independent legal relationship is a legal conclusion and factually insufficient to establish a duty of indemnification. Specifically, Acme argues that in order to avoid the bar of the exclusivity provision of the Workers' Compensation Act, indemnity claims against employers as joint tortfeasors require the additional showing of either an independent legal relationship which creates a duty on the part of the employer toward the third party, or an express or implied promise of indemnity. Acme argues that the alleged contract for the purchase, sale, and delivery of auto parts does not give rise to an obligation to indemnify and that the bare allegation of the existence of a contract is insufficient to establish the existence of a duty sufficient to allow a claim for indemnity.
"[I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest. . . ." Kaplanv. Merberg Wrecking Corp., 152 Conn. 405, 412, 207 A.2d 7321
(1965). "Ordinarily there is no right of indemnity . . . between joint tortfeasors. . . . But this rule has certain exceptions. . . ." Id. "[I]f a claim for indemnification is grounded in tort, reimbursement is warranted only upon that the injury resulted from the `active or primary negligence' of the party against whom reimbursement is sought. . . . Such proof requires a plaintiff to establish four separate elements: `(1) CT Page 3607 that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not be negligent.'" (Citations omitted.) Burkert v. Petrol Plusof Naugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990).
The court in Ferryman v. Groton, supra, 212 Conn. 138,144-45, set forth an additional requirement for an indemnification claim grounded in tort when the alleged indemnitor is the employer of the injured party. In Ferryman, the employer moved to strike a third-party complaint by the first-party defendant seeking indemnification from the employer on the ground that the exclusivity clause of the Workers' Compensation Act barred such a claim against the plaintiff's employer. On appeal from the trial court's granting of the motion to strike, our Supreme Court held: "When the third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer, contribution [or indemnification] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation, such as an employer-tenant's express agreement to hold the third-party landlord harmless, or a bailee's obligation to indemnify a bailor, or a contractor's obligation to perform his work with due care. . . ." Id., 144-45. The necessity for an independent legal relationship in the context of indemnification claims between joint tortfeasors that arise in the context of our workers' compensation law was recently reaffirmed by our Supreme Court.Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 699,694 A.2d 788 (1997).
In the present case, Hoffman seeks indemnification based on tort. Hoffman alleges that it had a contract with Acme that required Acme employees to be on its premises and that this contract alone provides a sufficient independent legal relationship to state a claim for indemnification from Acme.
"In deciding upon a motion to strike . . . a trial court must CT Page 3608 take the facts to be those alleged in the complaint. . . ."Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). In viewing the allegations in the light most favorable to the pleader; Faulkner v. United Technologies Corp. , supra, 240 Conn. 580; and being unable to look to facts outside the pleadings; Id.; Hoffman's allegation of a contract, which creates an independent legal relationship between the parties, is a fact provable, and therefore, is sufficient to maintain the counterclaim. Whether the contract creates the necessary duty to indemnify that would preclude the operation of the exclusivity provision of the Workers' Compensation Act must be decided upon evidence presented at trial.
Accordingly, Acme's motion to strike the counterclaim is denied.
Hennessey, J.